IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA WOFFORD, | No. C 14-02819 EJD (PR) |
| Petitioner, | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS; DENYING CERTIFICATE OF APPEALABILITY** |
| v. | |
| SHERIFF FRANCISCO RIVERO, | |
| Respondent. | |
| | (Docket No. 12) |

Petitioner has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging her state conviction. Respondent filed an answer on the merits, and Petitioner filed a traverse.[1] For the reasons set forth below, the Petition for a Writ of Habeas Corpus is **DENIED**.

## BACKGROUND

Petitioner was found guilty of misdemeanor driving under the influence in violation of Vehicle Code section 23152(a), after a jury trial in Lake County

---

[1] In her traverse, Petitioner moves to strike Respondent's answer because it was filed three days after the Court ordered deadline. (Docket No. 12.) Be that as it may, the Court has reviewed the claims and have found them to be without merit. The motion is DENIED.

Superior Court. (Pet. at 2.) Petitioner was sentenced to sixty days in jail and probation on August 9, 2013. (Id.)

Petitioner filed a state petition for writ of habeas corpus in the California Supreme Court which summarily denied review on September 25, 2013. (Id. at 4.)

Petitioner filed the instant federal habeas petition on June 18, 2014.

## DISCUSSION

### I.  Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The writ may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000). The only definitive source of clearly established federal law under 28 U.S.C. § 2254(d) is in the holdings (as opposed to the dicta) of the Supreme Court as of the time of the state court decision. Williams, 529 U.S. at 412; Brewer v. Hall, 378 F.3d 952, 955 (9th Cir. 2004). While circuit law may be "persuasive authority" for purposes of determining whether a state court decision is an unreasonable application of Supreme Court precedent, only the Supreme Court's

holdings are binding on the state courts and only those holdings need be "reasonably" applied. Clark v. Murphy, 331 F.3d 1062, 1069 (9th Cir.), overruled on other grounds by Lockyer v. Andrade, 538 U.S. 63 (2003).

"Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413. "Under § 2254(d)(1)'s 'unreasonable application' clause, . . . a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Id. at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." Id. at 409. The federal habeas court must presume correct any determination of a factual issue made by a state court unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The Supreme Court has vigorously and repeatedly affirmed that under AEDPA, there is a heightened level of deference a federal habeas court must give to state court decisions. See Hardy v. Cross, 132 S. Ct. 490, 491 (2011) (per curiam); Harrington v. Richter, 131 S. Ct. 770, 783-85 (2011); Felkner v. Jackson, 131 S. Ct. 1305 (2011) (per curiam). As the Court explained: "[o]n federal habeas review, AEDPA 'imposes a highly deferential standard for evaluating state-court rulings' and 'demands that state-court decisions be given the benefit of the doubt.'" Id. at 1307 (citation omitted). With these principles in mind regarding the standard and limited scope of review in which this Court may engage in federal habeas proceedings, the Court addresses Petitioner's claims.

II.     Claims and Analysis

Petitioner claims the following as grounds for habeas relief: (1) not all

elements of § 23152(a) were alleged and proven, *i.e.*, the "essential" element of interstate commerce; and (2) the prosecution failed to enter her DMV record into evidence, which deprived the court of jurisdiction. (Pet. at 5.)

### A. Insufficient Evidence

Petitioner claims that not all essential elements of the charge were alleged and proven. In response to this claim, Respondent asserts that § 23152(a) does not include "interstate commerce" as a necessary element. (Ans. at 2-3.) The only elements of § 23152(a) are as follows: (1) the defendant drove a vehicle; and (2) when she drove, the defendant was under the influence of an alcoholic beverage. (Id. at 3, citing CALCRIM 2100.)

The Due Process Clause "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." In re Winship, 397 U.S. 358, 364 (1970). A state prisoner who alleges that the evidence in support of his state conviction cannot be fairly characterized as sufficient to have led a rational trier of fact to find guilt beyond a reasonable doubt therefore states a constitutional claim, see Jackson v. Virginia, 443 U.S. 307, 321 (1979), which, if proven, entitles him to federal habeas relief, see id. at 324.

Here, the language of the statute at issue is clear and unambiguous: "It is unlawful for a person who is under the influence of any alcoholic beverage to drive a vehicle." Cal. Vehicle Code § 23152(a). There is no mention of interstate commerce as Petitioner alleges, and she offers no legal authority in support of such a claim. Accordingly, it cannot be said that Petitioner's right to due process was violated by the fact that the prosecution did not allege and prove "interstate commerce" when it was not in fact a necessary element of the charge. Petitioner's reliance on Reno v. Condon, 528 U.S. 141 (2000) is misplaced, and the Court agrees with Respondent that there is no relevance between this Supreme Court case and the California's drunk driving law.

Furthermore, Petitioner claims that the only evidence of intoxication offered by the prosecution was the officer's testimony, which she asserts was insufficient to support the guilty verdict. (Pet. at 5b.) The entire trial transcript was not available for review, so this fact cannot be verified. However, even if we assume that the only evidence of intoxication was the arresting officer's testimony as Petitioner claims, it does not necessarily mean that the evidence was insufficient. A federal court reviewing collaterally a state court conviction does not determine whether it is satisfied that the evidence established guilt beyond a reasonable doubt. Payne v. Borg, 982 F.2d 335, 338 (9th Cir. 1992), cert. denied, 510 U.S. 843 (1993); see, e.g., Coleman v. Johnson, 132 S. Ct. 2060, 2065 (2012) ("the only question under Jackson is whether [the jury's finding of guilt] was so insupportable as to fall below the threshold of bare rationality"). The federal court "determines only whether, 'after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Payne, 982 F.2d at 338 (quoting Jackson, 443 U.S. at 319). Only if no rational trier of fact could have found proof of guilt beyond a reasonable doubt, has there been a due process violation. Jackson, 443 U.S. at 324; Payne, 982 F.2d at 338; Miller v. Stagner, 757 F.2d 988, 992-93 (9th Cir.), amended, 768 F.2d 1090 (9th Cir. 1985), cert. denied, 475 U.S. 1048, and cert. denied, 475 U.S. 1049 (1986); Bashor v. Risley, 730 F.2d 1228, 1239 (9th Cir.), cert. denied, 469 U.S. 838 (1984).

Here, Petitioner was found guilty by a jury. Accordingly, it was up to the jury to weigh the evidence presented, including the testimony of the arresting officer. Under Jackson's standard of review, a jury's credibility determinations are entitled to near-total deference. Bruce v. Terhune, 376 F.3d 950, 957 (9th Cir. 2004). Except in the most exceptional of circumstances, Jackson does not permit a federal habeas court to revisit credibility determinations. See id. (credibility contest between victim alleging sexual molestation and defendant vehemently denying

allegations of wrongdoing not a basis for revisiting jury's obvious credibility determination); see also People of the Territory of Guam v. McGravey, 14 F.3d 1344, 1346-47 (9th Cir. 1994) (upholding conviction for sexual molestation based entirely on uncorroborated testimony of victim). There are no exceptional circumstances in Petitioner's case for this court to revisit the jury's credibility determinations. Accordingly, viewing the evidence in the light most favorable to the prosecution, the Court finds that any rational trier of fact could find that the arresting officer's testimony was sufficient proof of Petitioner's intoxication beyond a reasonable doubt. Payne, 982 F.2d at 338.

Accordingly, it cannot be said that the state court's rejection of this claim was an unreasonable application of, or contrary to, Supreme Court precedent or based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d). Petitioner is not entitled to habeas relief on this claim.

### B. Lack of Jurisdiction

Petitioner's second claim is that the prosecutor's failure to introduce her DMV records into evidence deprived the trial court of jurisdiction. Respondent asserts that there is no authority for the proposition that such records are necessary in order to establish jurisdiction. (Ans. at 3.) The Court agrees. Petitioner was, presumably, arrested in Lake County for the underlying charge, so the Superior Court of Lake County had personal jurisdiction over Petitioner and subject matter jurisdiction over crimes committed within its jurisdiction. Accordingly, there was no violation of Petitioner's right to due process.

Petitioner asserts in her traverse under a section titled "*Nisi Prius*" that "*Rule Nisi* applies," that therefore "no jurisdiction." (Trav. at 4.) According to Black's Law Dictionary, "Nisi Prius" is defined as "a Latin phrase for a trial that was originally heard by a judge and jury that is different from a trial conducted on appeal," and "Rule Nisi" as "a Latin phrase where the ruling of the court becomes

final unless one or both parties show cause for it not to be."[2] It is not readily apparent how these phrases are relevant to support Petitioner's argument that the trial court lacked jurisdiction, and Petitioner offers no explanation. But in this section, she discusses California's "implied consent rule for the submission of blood, breath or urine in DUI cases," suggesting that she did not consent to jurisdiction. However, she fails to provide any legal authority to support the argument that a defendant must consent to jurisdiction in criminal court.

Because the state court's rejection of this claim was not an unreasonable application of Supreme Court precedent or based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding, 28 U.S.C. § 2254(d), Petitioner is not entitled to federal habeas relief.

## CONCLUSION

After a careful review of the record and pertinent law, the Court concludes that the Petition for a Writ of Habeas Corpus must be **DENIED**.

Further, a Certificate of Appealability is **DENIED**. See Rule 11(a) of the Rules Governing Section 2254 Cases. Petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Nor has Petitioner demonstrated that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Petitioner may not appeal the denial of a Certificate of Appealability in this Court but may seek a certificate from the Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure. See Rule 11(a) of the Rules Governing Section 2254 Cases.

///

///

---

[2] Black's Law Dictionary, http://thelawdictionary.org/

Order Denying Petition; Denying COA
P:\PRO-SE\EJD\HC.14\02819Wofford_denyHC.wpd      7

The Clerk shall terminate any pending motions, enter judgment in favor of Respondent, and close the file.

IT IS SO ORDERED.

DATED: 9/23/2015

EDWARD J. DAVILA
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA L. WOFFORD,<br><br>    Plaintiff,<br><br>    v.<br><br>FRANCISCO RIVERO,<br><br>    Defendant. | Case No.  5:14-cv-02819-EJD<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 9/23/2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jessica L. Wofford
c/o 3345 Lakeshore Blvd. #14
Lakeport, CA 95453

Dated: 9/23/2015

Susan Y. Soong
Clerk, United States District Court

By: *Elizabeth C. Garcia*
Elizabeth Garcia, Deputy Clerk to the
Honorable EDWARD J. DAVILA